UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ESTEFFANY MERCEDES ZORRILLA-PEREZ,

      Plaintiff,
v.

LAZCANO FAMILY DENTAL, P.A.,
MARITZA LAZCANO,

      Defendants.
_____/

# **COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, ESTEFFANY MERCEDES ZORRILLA-PEREZ, brings this action against Defendants, LAZCANO FAMILY DENTAL, P.A. and MARITZA LAZCANO, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff ESTEFFANY MERCEDES ZORRILLA-PEREZ was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate telephone communication with Defendant's manager and owner in California.

4. At all times material hereto, Defendant, LAZCANO FAMILY DENTAL, P.A., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of dentistry, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, MARITZA LAZCANO, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, LAZCANO FAMILY DENTAL, P.A., controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of LAZCANO FAMILY DENTAL, P.A.. Accordingly, MARITZA LAZCANO was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

7. Plaintiff ESTEFFANY MERCEDES ZORRILLA-PEREZ worked for Defendants as a dental assistant.

8. Defendants failed to pay Plaintiff's full and proper regular wages for hours worked during Plaintiff's employment.

9. Defendants failed to pay Plaintiff's full and proper minimum wages for hours worked during Plaintiff's employment.

10. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

11. Defendants have knowingly and willfully refused to pay Plaintiff her legally-entitled wages.

12. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

14. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

15. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES
## DEFENDANT LAZCANO FAMILY DENTAL, P.A.

17. Supplemental jurisdiction over the pendent state claim is conferred on this Court by 28 U.S.C. 1367.

18. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

19. Plaintiff entered into an oral contract for wages at the rate of pay indicated in Plaintiff's Statement of Claim.

20. Plaintiff worked for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiff of wages that were due and owing and to which Plaintiff is lawfully entitled under an oral contract for wages with Defendant.

21. Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

22.	Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

        Respectfully submitted,

        Koz Law, P.A.
        320 S.E. 9th Street
        Fort Lauderdale, Florida 33316
        Phone: (786) 924-9929
        Fax:    (786) 358-6071
        Email: ekoz@kozlawfirm.com

        */s/ Elliot A. Kozolchyk*
        _____
        Elliot Kozolchyk, Esq.
        Bar No.: 74791